# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 6:14-CR-00025-JDK-JDL |
| vs. | § | |
| | § | |
| | § | |
| KEITH KIMBROUGH (7) | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On January 29, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Robert Wells. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

### *Background*

After pleading guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class C felony, Defendant Keith Kimbrough, was sentenced on January 16, 2015, by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of I, was 24 to 30 months. The Court sentenced Defendant to an imprisonment term of 24 months, followed by a 3-year term of supervised release) subject to the standard conditions of release, plus special conditions to include financial disclosure, obtaining a GED, and substance abuse testing and treatment. Defendant completed his term of imprisonment and started his term of supervised release on March 22, 2016.

1

## *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on January 10, 2019, United States Probation Officer Jason Stewart alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested on January 6, 2019 in Smith County, Texas, for the offense of Aggravated Assault with a Deadly Weapon.

2. **Allegation 2 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that Defendant submitted a urine specimen on October 4, 2017 that tested positive for marijuana.

## *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

committing the offense of Aggravated Assault with a Deadly Weapon, as alleged in the petition, he is guilty of a Grade A violation. U.S.S.G. § 7B1.1.(a). Defendant's original criminal history category was I. The guidelines provide that Defendant's guideline imprisonment range for a Grade A violation is 12 to 18 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by using and possessing marijuana, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of I, the guidelines provide a guideline imprisonment range for a Grade C violation of 3 to 9 months. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

### *Hearing*

On January 29, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Robert Wells announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of imprisonment for a term of 9 months with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should

3

be revoked and that he should be sentenced to imprisonment for a term of 9 months with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 9 months with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant at FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 9 months with no further term of supervised release.

So ORDERED and SIGNED this 29th day of January, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE